■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE POWELL, Appellant. [641 NYS2d 309] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered December 2, 1992, convicting defendant, after a nonjury trial, of murder in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent prison terms of 15 years to life and 1 year, respectively, unanimously affirmed.

Two Department of Sanitation peace officers observed defendant, in an area known for illegal dumping, with a 50 gallon barrel protruding from his car trunk. They observed defendant circle the area slowly in his car. After passing the officers twice, the car's headlights were turned off, and defendant backed up the wrong way on a one way street to a spot where there was a large hole in a fence, near the Hutchinson Creek. The officers asked defendant for identification, and whether he intended to dump the barrel. When defendant responded affirmatively, the officers inquired what was in the barrel, in order to determine

whether the contents were toxic or hazardous, in which case Environmental Police would be contacted to ensure proper disposal. Defendant replied that he had killed his girlfriend, and her body was in the barrel.

The officers' inquiry was a proper, level one, request for information, justified by the unusual appearance of an object (*People v Hollman*, 79 NY2d 181, 191), in this case, the 50 gallon barrel protruding from the trunk.

The hearing court's conclusion that defendant had no reasonable basis to believe he was in custody during the inquiry was fully supported by the evidence. Moreover, the nature of the inquiry did not require the administration of *Miranda* warnings (*People v Huffman*, 41 NY2d 29). Concur—Murphy, P. J., Milonas, Williams, Tom and Mazzarelli, JJ.